UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TIMOTHY KARL JACKSON                         CIVIL ACTION NO. 07-cv-1966

VERSUS                                        JUDGE STAGG

E. A. CONWAY MEDICAL CENTER,                  MAGISTRATE JUDGE HORNSBY
ET AL

# REPORT AND RECOMMENDATION

Timothy Jackson ("Plaintiff") filed this civil action, without representation by counsel, against prisons, a hospital, prison officials and fictitious defendants based on allegations that Plaintiff did not receive proper medical care during a period of incarceration. Plaintiff, who is proceeding in forma pauperis, had been released from custody by the time he filed his complaint. Plaintiff has struggled with getting his suit served or providing adequate information with which the court could assist with service. The litigation may be greatly streamlined by a sua sponte dismissal of several defendants for the reasons set forth below.

Plaintiff names as a defendant E. A. Conway Medical Center. The medical center was merged with the Louisiana State University Health Sciences Center at Shreveport. La. R.S. 17:1518(A)(1). The Board of Supervisors of Louisiana State University is responsible for the operation and management of both hospitals. La. R.S. 17:1517(B) and Section 1519.2. The Board of Supervisors is an arm of the State of Louisiana and, as such, is entitled to Eleventh Amendment immunity from Section 1983 or tort claims filed against it in federal court. See McGuire v. Corrections Corporation of America, 2007 WL 1112680 (W.D. La.

2007) (dismissing inmate claim against E. A. Conway Medical Center based on Eleventh Amendment immunity); Harris v. Louisiana State University Medical Center, 2006 WL 2054481 (W.D. La. 2006) (Board of Supervisors is an arm of the state entitled to Eleventh Amendment immunity); and Boston v. Tanner, 29 F.Supp. 2d 743 (W.D. La. 1998) (same). The court lacks jurisdiction to hear the claims that Plaintiff has asserted against E. A. Conway Medical Center, so the claims should be dismissed now rather than continue attempts to serve that defendant.

Plaintiff names as defendants Forcht Wade Correctional Center, David Wade Correctional Center, and Winn Correctional Center. There is no indication in Louisiana law that those defendants are legal entities capable of being sued under Fed. R. Civ. P. 17(b). This court has observed that "Forcht Wade Correctional Center is simply the name of a prison building and grounds operated by the Department of Public Safety and Corrections." Beyard v. Caddo Parish Commission, 2007 WL 1741970, *5 (W.D. La. 2007). David Wade Correctional Center is, similarly, the name of a prison owned and operated by the Department of Public Safety and Corrections, and Winn Correctional Center is the name of a state-owned prison that is privately managed. The claims against the prisons should be dismissed. See Kervin v. City of New Orleans, 2006 WL 2849861, *4 (E.D. La. 2006) (Angola State Penitentiary not an entity capable of being sued).[1]

---

[1] Plaintiff has named and served Corrections Corporation of America , which operates the Winn facility. Plaintiff has not named the Department of Public Safety and Corrections, which operates the Forcht Wade and David Wade prisons, but any Section

Plaintiff also asserts claims against "Dr. Joe Blow" and "Maxi Million" but asks in his complaint that service be held as to them. All suggestions are that these two defendants are fictitious, and there is no explanation in the complaint as to why they are named in such a fashion. The fictitious defendants should be dismissed. Plaintiff may attempt to amend his complaint if he later learns the identity of an actual person whom he wishes to name as a defendant.

If these recommendations are accepted, the result will be that there are three remaining defendants. Corrections Corporation of America and Tim Wilkinson have, through counsel, filed an answer. The third remaining defendant would be Anthony Batson. There is some evidence of an attempt to serve Batson (Doc. 12), but to ensure proper service the court has issued a separate order directing service to a proper address. Once Batson has been served and made an appearance, the litigation may move forward.

Accordingly,

**IT IS RECOMMENDED** that the Court **dismiss without prejudice** all claims against E. A. Conway Medical Center, Winn Correctional Center, Forcht Wade Correctional Center, David Wade Correctional Center, Dr. Joe Blow and Maxi Million.

---

1983 or state law claim against the Department would be barred by the Eleventh Amendment. Champagne v. Jefferson Parish Sheriff's Office, 188 F .3d 312 (5th Cir.1999) (Department is an arm of the State entitled to Eleventh Amendment immunity); Beyard, 2007 WL 1741970 at *2.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of June, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE