# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | | |
|---|---|---|
| TIMOTHY KARL JACKSON | § | CIVIL ACTION NO. 5:07-CV-1966 |
| | § | |
| VERSUS | § | JUDGE STAGG |
| | § | |
| E. A. CONWAY MEDICAL CENTER, ET AL. | § | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Defendant, Anthony Batson ("Movant") has filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Timothy Karl Jackson's claims ("Respondent"), urging that Respondent's claims are prescribed, or in the alternative, Movant urges that he is entitled to qualified immunity on Respondent's Federal law claims and 11th Amendment immunity on Respondent's state claw claims. For the following reasons the motion should be denied.

## LAW AND ARGUMENT

### I. *Federal Rule 12(b)(6) Standard*

A motion to dismiss for failure to state a claim may be granted when the complaint fails to state a legally cognizable claim.[1] It is well settled that the complaint must be liberally construed by the court in favor of the Plaintiff, and all facts pleaded in the complaint must be accepted as true.[2] Under Federal Rule of Civil Procedure 12(b)(6), in deciding whether to grant

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001), cert. denied, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002).

a motion to dismiss for failure to state a claim upon which relief can be granted, a district court must accept the facts of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the .[3]

As set forth by the United States Supreme Court: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4]   Further, dismissal of a prisoner's in forma pauperis complaint may be upheld **only if**, taking the prisoner's allegations as true, it appears that no relief could be granted based on the alleged facts.[5]

### *A. Plaintiff does state a cause of action against the Movant, Warden Anthony Batson, for which relief can be granted.*

Federal Rule of Civil Procedure 8(a)(2) only requires that plaintiff "state a short and plain statement upon which relief can be granted." This is to ensure that the complaint provides sufficient information that will give the defendant fair notice of plaintiff's claims. Accordingly, plaintiff's complaint should be construed as sufficiently plead where it provides Movant with notice of the dates of the alleged wrong doing, Movant's fault according to law and the damages that plaintiff is seeking. The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.[6]   Moreover, special matters such as Fraud, Mistake, and Condition of the Mind must be specifically plead and stated with

---

[3]   *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F. 2d 278, 284 (5th Cir.1993).

[4]   *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

[5]   28 U.S.C.A. § 1915 (e) (2) (B) (ii).

[6]   Fed. R. Civ. P. 8 (a)(2); *Conley*, 355 U.S. 41.

particularity.[7] Other claims may be averred generally. In the case at bar, plaintiff makes a claim under § 1983 and the Eighth Amendment of the constitution and in doing so, sets forth facts, which if proven, give rise to cognizable claims as set forth in plaintiff's complaint.

### II. *Plaintiff's claims against Warden Anthony Batson are not barred by Prescription*

Generally, a § 1983 action accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action.[8] Further, c*ontra non valentum* provides that prescription does not run against one who is ignorant of the facts upon which their cause of action is based and applies an exception to the statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues.[9]

In this case, while plaintiff was aware of Movant's wrong doing, he was not aware of the injury giving rise to a cause of action against Movant until November 17, 2006 when plaintiff underwent a heart catheter procedure at Louisiana State University Medical Center. It was only at that time that plaintiff was advised that the damage to his heart was irreversible and that it was caused by incidents which occurred while he was incarcerated. Accordingly, pursuant to § 1983, where plaintiff was not aware and had no reason to know of the injury which is the basis of his suit until November 17, 2006, prescription against plaintiff's cause of action did not commence until that time. Therefore, plaintiff's cause of action would have prescribed on November 17, 2007; however, due to November 17, 2007 falling on a Saturday, plaintiff's case did not prescribe until the following Monday. Accordingly, where plaintiff filed suit on

---

[7]   Fed. R. Civ. P. 9.

[8]   42 U.S.C.A. § 1983.

   *Eastin v. Energy Corp.,* 2003-1030, 865 So. 2d 49 (La. 2/6/04) [citing *State Bd. Of Ethics v. Ourso,* 2002-1978, 842 So. 2d 346 (La. 4/9/03); *Reeder v. North,* 97-0239, 701 So. 2d 1291, 1298 (La. 10/21/97); *Hebert v. Doctors Mem. Hops.,* 486 So. 2d 717, 723 (La. 1986).

Monday, November 20, 2008, within the time restraint allowed by law, plaintiff's claim is not barred by prescription.

Moreover, where the doctrine of *contra non* valentum provides an exception to the statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues, plaintiff suggests that pursuant thereto this court should find his complaint as being timely filed and therefore not barred by prescription.

### A.     *ARP is not applicable to plaintiff*

The Administrative Remedy Procedure process ("ARP") was implemented on September 18, 1985 by the Department of Public Safety and Corrections. The ARP is a formal grievance mechanism for use by all **inmates committed to the custody of the department**. ARP must be exhausted before an inmate can proceed with suit in state or federal court.[10]

Again, plaintiff did not know he had a cause of action against Warden Anthony Batson, or any of the other defendants for that matter, until November 17, 2007 when plaintiff was advised by his attending physician that his heart had sustained irreversible damage as a result of acts that occurred while plaintiff was incarcerated. Accordingly, where ARP is a grievance mechanism to be used by inmates, it is inapplicable to plaintiff where he was not an inmate at the time he first gained knowledge of the damage giving rise to his cause of action against Warden Anthony Batson.

### III.    *Movant is not entitled to Qualified Immunity or Sovereign Immunity*

A 1983 action may be brought against a "person" acting "under color of state law" who violates an individual's constitutional rights. A "person" includes a state official sued for

---

[10]     Slip Copy, 2007 WL 4589799 (W.D.La.).

4

damages in his individual capacity. "Under color of state law" includes actions taken pursuant to state or local law, **or contrary to law but in the course of employment**.[11]

### A. *Qualified Immunity*

To state a claim under the Eighth Amendment, [an inmate] must allege deprivation of medical care sufficiently serious to show that the [state official] has abdicated a constitutionally–required responsibility to attend to [the inmates] medical needs and that [the state official] knew of and disregarded an excessive risk to inmate health or safety.[12]

The doctrine of Qualified Immunity shields prison officials from liability for civil damages in connection with a federal constitutional claim when a reasonable security official could have believed that the challenged conduct did not violate clearly established law. Prison officials are presumed to know the basic, unquestioned constitutional rights of inmates. Thus the plaintiff need not prove that the defendant prison official acted with the specific knowledge of the plaintiff's particular right which they violated, only that they acted in light of clearly established constitutional rights which they are presumed to have known at the time of the incident. At all times relevant hereto, the following constitutional right was clearly established:

> A correction officer may not act with deliberate indifference to an inmates serious medical needs.

To determine whether Warden Anthony Batson's actions constitute deliberate indifference the court should consider whether a reasonable security officer would have believed that the actions of Movant in failing to respond to the plaintiff's request for medical attention and medication violated the plaintiff's constitutional rights. In this case, plaintiff's wife made numerous calls to Forcht Wade Correctional Center requesting to speak to Movant; however,

---

[11]   42 U.S.C. § 1983.

[12]   U.S.C.A. Const. Amend. 8.

5

Movant refused to speak with plaintiff's wife thereby advising that his assistant would relay the messages to him. For this reason, if for no other, the knowledge of plaintiff's serious medical condition should be imputed upon Movant where his immediate assistant took numerous messages from plaintiff's wife concerning the inhumane treatment plaintiff was receiving and concerning the refusal of Forcht Wade Correctional Center to properly administer prescription medication as ordered by plaintiff's treating physicians upon his discharge from the hospital.

Further, Movant avers that he may not have even been aware that plaintiff was incarcerated at Forcht Wade Correctional Center during the relevant period of time. This averment is completely unfounded where Movant was responsible for reviewing the roll call sheets. Additionally, Movant, as warden, is responsible for all individuals incarcerated at his facility, and therefore, should have been aware that plaintiff was incarcerated at his facility. Moreover, it is the Warden's responsibility to determine which inmates are placed "in the hole", and therefore, Movant would have been aware that plaintiff was placed "in the hole". Lastly, where the warden is responsible for all inmates incarcerated at his facility, he has an obligation to review their paperwork upon their entering his facility. Accordingly, Movant was aware that plaintiff suffered from a serious medical condition and acted with deliberate indifference in placing plaintiff "in the hole" and in refusing to provide plaintiff with his prescribed medications, and in doing so, failed to take corrective measures.

### B.   *11th Amendment Sovereign Immunity*

The 11th Amendment of the United State Constitution prohibits Federal Courts from hearing suits against the state (or its employees acting in their official capacity). Sovereign immunity does not extend to state officials acting in their personal capacity. In this case, Movant

was acting in his personal capacity when he violated plaintiff's constitutional rights and Movant's actions were taken contrary to law but in the course of employment.

## CONCLUSION

Accordingly, where plaintiff's injuries were not known to him until November 17, 2006, prescription did not commence until that time.  Due to November 17, 2007 falling on a weekend, more specifically on a Saturday, plaintiff's prescription did not accrue until November 20, 2007, and therefore, where plaintiff's suit was filed on November 20, 2007, plaintiff's claims are not barred by prescription.  Further, where the federal rules of civil procedure governing complaints only require short concise statements which put defendant on notice of the claim being made, plaintiff's complaint is sufficiently plead.  Additionally, Movant is not entitled to qualified or sovereign immunity where those immunities are only applicable to state official acting in their official capacity, not in their personal capacity.   Moreover, as previously state, dismissal of a prisoner's in forma pauperis complaint may be upheld **only if**, taking the prisoner's allegations as true, it appears that no relief could be granted based on the alleged facts.    For all of the above and foregoing reasons, the defendant's Rule 12(b)(6) Motion to Dismiss State Law Claims should be denied.

Respectfully Submitted,

**SELF LAW FIRM, L.L.C.**


_____*/s/ Jeananne R. Self*_____
**Jeananne R. Self, Esq.**
Bar Roll # 31539
400 Travis Street; Ste. 1702
Shreveport, Louisiana  71101
Telephone (318) 703-3678
Facsimile (318) 221-6480

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **TIMOTHY KARL JACKSON** | § | CIVIL ACTION NO. 5:07-CV-1966 |
| | § | |
| **VERSUS** | § | JUDGE STAGG |
| | § | |
| **E. A. CONWAY MEDICAL CENTER, ET AL.** | § | MAGISTRATE JUDGE HORNSBY |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 18, 2008, the foregoing Memorandum in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss was electronically filed with the U.S. District Court using the CM.ECF filing system which sent notice electronically to the following:

| | |
|---|---|
| Mr. Ronald E. Corkern | Annette R. Seng |
| CORKEN & CREWS, LLC | Louisiana Dept. of Justice - Litigation Div |
| P.O. Box 1036 | 1885 N. 3rd Street – Third Floor |
| Natchitoches, Louisiana  71458-1036 | P.O. Box 94005 |
| rcorkern@corkerncres.net | Baton Rouge, Louisiana  70804 |
| | senga@ag.state.la.us |
| **Attorney for Winn Correctional Center and Corrections Corporation of America** | **Attorney for Warden Anthony Batson** |

    Shreveport, Louisiana, this <u>18th</u> day of November, 2008.

                                                                                                                      <u>/s/ Jeananne R. Self</u>
                                                                                                           JEANANNE R. SELF