RECEIVED
USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE   1  22   09
BY   pm

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

TIMOTHY KARL JACKSON

versus

CIVIL ACTION NO. 07-1966
JUDGE TOM STAGG

E.A. CONWAY MEDICAL CENTER, ET AL.

## MEMORANDUM RULING

Before the court is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6) filed by defendant Warden Anthony Batson ("Warden Batson"). See Record Document 22. Based on the following, Warden Batson's motion to dismiss is **GRANTED**.

## I. BACKGROUND

The plaintiff, Timothy Karl Jackson ("Jackson") filed suit in this court, without representation by counsel, against prisons, a hospital, prison officials and fictitious defendants based on allegations that he did not receive proper medical care during a period of incarceration. Jackson had been released from custody by the time he filed his complaint. Warden Batson contends, inter alia, that any claims against him have prescribed.

## **II. LAW AND ANALYSIS**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., at ---, 127 S. Ct. at 1965 (quotation and citation omitted).

Jackson's complaint reveals the following salient dates as to his claim against Warden Batson. On March 1, 2006, Jackson suffered a heart attack while housed at the West Carroll Detention Center. See Record Document 1 at 3. He was transported to E.A. Conway Medical Center in Monroe, Louisiana. On March 6, 2006, he was discharged to David Wade Correctional Center ("David Wade") with prescriptions and instructions not to exert himself. He was also given physician's orders for performance of specific tests by the inmate physician. See id. at 3-4. Upon his arrival at Forcht Wade,[1] he was placed "in the hole"[2] without medication because there was "no room in the infirmary." Id. at 4.

---

[1] Jackson's complaint refers to David Wade at this point. However, the court presumes that this was a misstatement on Jackson's part.

[2] Jackson did not explain what being placed "in the hole" means.

2

On March 7, 2006, Jackson alleges that he was transported to Forcht Wade Correctional Center [3] ("Forcht Wade"), where he was again placed "in the hole" for twenty-eight days with no regular medication or any medical tests. On April 5, 2006, he was transferred to Winn Correctional Center. See id.

Warden Batson is the warden at Forcht Wade Correctional Center. Jackson was confined at Forcht Wade from March 6, 2006 until April 5, 2006. Jackson alleges that Warden Batson was deliberately indifferent to his serious medical needs by intentionally denying or delaying access to medical care and by interfering with his prescribed treatment while he was incarcerated at Forcht Wade, which caused his medical condition to worsen. However, Jackson's claims against Warden Batson are untimely.

Because there is no federal statute of limitations for section 1983 claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. See Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999). In Louisiana, the applicable limitations period is one year. See Johnson v. Crown Enters., Inc., 398 F.3d 339, 341 (5th Cir. 2005); La. Civ. Code Art. 3492. Federal law determines the time at which the cause of action accrues, and

---

[3] According to the Louisiana Department of Corrections website, "The Martin L. Forcht, Jr. Clinical Treatment Center Unit (FWCC) is located in southern Caddo Parish and is a division of David Wade Correctional Center."

dictates that the statute of limitations begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001) (quotation and citation omitted).

Construing Jackson's allegations in the light most favorable to him and taking all facts pleaded in his complaint as true, it is clear that any claim against Warden Batson has prescribed. Jackson was sent to Forcht Wade on March 6, 2006. He claims at that point he was not given medication or tests. It was on this date he was aware that he had suffered an injury sufficient to put him on notice to file suit. He was transferred to another facility on April 4, 2006. Jackson did not file a complaint until November of 2007, well over a year past the relevant dates that he was aware that he was suffering an alleged injury.

Jackson contends that he did not become aware of his injury until he underwent a heart catheter on November 17, 2006. He asserts that on that date, he was "advised that as a direct result of the delay in medical treatment, i.e., not having the heart cath performed sooner, the damage his heart had sustained was now irreversible because most of the heart tissue was already dead." Record Document 1 at 6. Notably, however, Jackson also contends that "between March 1, 2006 and August 10, 2006 Petitioner repeatedly requested that the heart cath be performed at the earliest possible

4

date due to chronic chest pain." Id. Therefore, by Jackson's own allegations, he was aware during his incarceration that he was not receiving his medication or additional medical testing sufficient to put him on notice that he was suffering an injury. Federal law regarding the accrual of a claim and Louisiana's statute of limitations result in any claim by Jackson against Warden Batson being untimely. Accordingly, Warden Batson's motion to dismiss (Record Document 10) is **GRANTED**.[4]

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of January, 2009.

JUDGE TOM STAGG

---

[4]Warden Batson contends, in the alternative, that he is entitled to qualified immunity. As the court has determined that Jackson's claims against Warden Batson are prescribed, there is no need to reach this argument. However, had this defense been necessary, the court would have found Warden Batson to have been entitled to its use and the claims against the warden would have been dismissed.