U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 17 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

TIMOTHY KARL JACKSON

versus　　　　　　　　　　　　　　　　CIVIL ACTION NO. 07-1966
　　　　　　　　　　　　　　　　　　　　JUDGE TOM STAGG
E.A. CONWAY MEDICAL CENTER, ET AL.

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by defendants Corrections Corporation of America and Tim Wilkinson, Warden of Winn Correctional Center ("Warden Wilkinson") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] See Record Document 30. Based on the following, the defendants' motion to dismiss is **GRANTED**.

## I. BACKGROUND

The plaintiff, Timothy Karl Jackson ("Jackson") filed suit in this court, without representation by counsel, against prisons, a hospital, prison officials and fictitious

---

[1] This court has previously adopted a Report and Recommendation, dismissing all claims against E.A. Conway Medical Center, Winn Correctional Center, Forcht Wade Correctional Center, David Wade Correctional Center, Dr. Joe Blow and Maxi Million. See Record Documents 14 and 17. This court also granted a motion to dismiss filed by Warden Anthony Batson. See Record Documents 28 and 29.

defendants based on allegations that he did not receive proper medical care during a period of incarceration. Jackson had been released from custody by the time he filed his complaint. The defendants contend, <u>inter alia</u>, that any claims against them have prescribed.[2]

## II. LAW AND ANALYSIS

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u> at 555, 127 S. Ct. at 1965 (quotation and citation omitted).

Jackson alleges in his complaint that on March 1, 2006, he suffered a heart attack while housed at the West Carroll Detention Center. <u>See</u> Record Document 1 at 3. He was transported to E.A. Conway Medical Center in Monroe, Louisiana. On March 6, 2006, he was discharged to David Wade Correctional Center ("David Wade") with prescriptions and instructions not to exert himself. He was also given

---

[2]The defendants served on Jackson a copy of their motion on April 9, 2009. To date, Jackson has not responded.

physician's orders for performance of specific tests by the inmate physician. See id. at 3-4.

Jackson asserts that he was transported to Winn Correctional Center on April 5, 2006,[3] where he was placed on "work status" and "sent outside to 'work' in the heat." Id. at 4. He contends that on April 19, 2006, he was "transported to E.A. Conway Medical Center for a stress test and ECKO-cardiogram pursuant to the appointment made by E.A. Conway Medical Center" on March 6. Id. He alleges that the results of these tests showed blockage in his heart, but that the damage was reversible if treated in a timely fashion. He was transported back to Winn Correctional Center on the same day.

Jackson asserts that on June 19, 2006, he was transported to E.A. Conway Medical Center with complaints of chest pain and placed in intensive care, where he remained overnight. He further contends that on June 20, 2006, he was transported from E.A. Conway Medical Center to Glynnwood[4] for further evaluation of blood flow. He then contends that on June 20, 2006, he was discharged back to Winn

---

[3]According to affidavits submitted by the defendants, Jackson was incarcerated at the Winn Correctional Center from March 27, 2006, until his release from prison in August of 2006. See Record Document 30, Exs. C and E.

[4]The court presumes that Jackson is referring to Glenwood Regional Medical Center, located in West Monroe, Louisiana.

3

Correctional Center with "orders for increased medication, no strenuous activity, and for specific tests to be performed by the inmate physician." Id. at 5. Jackson contends that "[u]pon discharge, [he] was instructed to 'keep his August appointment at LSU for his heart cath.'" Id. He then asserts that on August 10, 2006, he was released from Winn Correctional Center, "with five days worth of medication, no prescriptions, and told that his appointment had been rescheduled from August to November 7, 2006 at the request of Corrections Corporation of America/Winn Correctional Center." Id. at 5-6.

Jackson alleges that between March 1, 2006 and August 10, 2006, he "repeatedly requested that the heart cath be performed at the earliest possible date due to chronic chest pain." Id. at 6. He contends that on November 17, 2006, "the correct date for the heart cath," he underwent "a heart cath at LSU Medical Center. . . ." Id. He asserts that the defendants were "aware of the substandard medical conditions at Winn Correctional Center but continued to allow it" and that the defendants "failed to perform the specific tests on [him] as ordered by the March 6, 2006 and the June 20, 2006 physicians at E.A. Conway Medical Center on March 6, 2006." Id. Jackson contends that the defendants "failed to administer the medications as prescribed by the physicians as E.A. Conway Medical Center nor did the[y] cause them to be administered regularly." Id.

Winn Correctional Center is a medium security prison owned by the State of Louisiana and operated by Corrections Corporation of America during the time of Jackson's incarceration. Jackson alleges that the defendants were deliberately indifferent to his serious medical needs by intentionally denying or delaying access to medical care and by interfering with his prescribed treatment while he was incarcerated at Winn Correctional Center, which caused his medical condition to worsen. Even if true, Jackson's claims against Warden Wilkinson and Corrections Corporation of America are untimely.

Because there is no federal statute of limitations for section 1983 claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. See Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir. 1999). In Louisiana, the applicable limitations period is one year. See Johnson v. Crown Enters., Inc., 398 F.3d 339, 341 (5th Cir. 2005); La. Civ. Code Art. 3492. Federal law determines the time at which the cause of action accrues, and dictates that the statute of limitations begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001) (quotation and citation omitted).

Construing Jackson's allegations in the light most favorable to him and taking all facts pleaded in his complaint as true, it is clear that any claim against these defendants has prescribed. According to Jackson, he was sent to Winn Correctional Center on April 5, 2006. He claims at that point he was "placed on 'work status'" and sent outside to 'work' in the heat." Record Document 1 at 4. He further complains that throughout his incarceration at Winn Correctional Center, he was not given medication or tests. He was, therefore, aware that he had suffered an injury sufficient to put him on notice to file suit. Jackson did not file a complaint until November of 2007, well over a year past the relevant dates that he was aware that he was suffering an alleged injury.

Jackson contends that he did not become aware of his injury until he underwent a heart catheter on November 17, 2006. He asserts that on that date, he was "advised that as a direct result of the delay in medical treatment, i.e., not having the heart cath performed sooner, the damage his heart had sustained was now irreversible because most of the heart tissue was already dead." Id. at 6. Notably, Jackson also contends that "between March 1, 2006 and August 10, 2006 Petitioner repeatedly requested that the heart cath be performed at the earliest possible date due to chronic chest pain." Id. Therefore, by Jackson's own allegations, he was aware throughout his incarceration at Winn Correctional Center that he was not receiving the medical

testing about which he complains. This was sufficient to put him on notice that he was suffering an injury. Federal law regarding the accrual of a claim and Louisiana's statute of limitations result in any claims by Jackson against these defendants being untimely. Accordingly, the defendants' motion to dismiss (Record Document 30) is **GRANTED.**[5]

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of August, 2009.

JUDGE TOM STAGG

---

[5]The defendants contend, in the alternative, that the complaint fails to state a claim for which relief may be granted. As the court has determined that Jackson's claims against these defendants are prescribed, there is no need to reach this argument. However, had an analysis of this contention been necessary, the court would have found that Jackson failed to state a claim against these defendants.

7